UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL YOUNG,<br><br>          Plaintiff,<br><br>   v.<br><br>BASS, et al.,<br><br>          Defendants. | Case No. 24-cv-02621-JST<br><br>**ORDER OF DISMISSAL** |

     Plaintiff has filed this *pro se* action, alleging that he was subjected to an unconstitutional strip search on October 8, 2022, while he was housed at San Quentin Rehabilitation Center. *See generally* ECF No. 4. On May 1, 2025, the Court ordered partial service of the operative complaint. ECF No. 17. The Court also ordered Plaintiff to inform the Court by May 29, 2025, whether he wished to continue to prosecute this action, noting that Plaintiff had not communicated with the Court since November 18, 2024, and had not responded to the Court's January 30, 2025 order setting a bellwether case. ECF No. 17 at 6-7. The Court cautioned Plaintiff that failure to respond to the Court by the deadline provided would result in dismissal of this action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41. *Id.* The deadline to respond has passed, and Plaintiff has not communicated with the Court. The Court therefore DISMISSES this action for failure to comply with the Court's May 1, 2025 Order (ECF No. 17) and for failure to prosecute. This dismissal is without prejudice to Plaintiff filing a motion to re-open that sets forth good cause for his failure to respond to the Court's January 30, 2025 Order (ECF No. 16) and May 1, 2025 Order (ECF No. 17).

     Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case. The Clerk is directed to send a courtesy copy of this order to Plaintiff at California State

Prison – Sacramento, P.O. Box 290001, Represa, CA 95671.[1]

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
JON S. TIGAR
United States District Judge

---

[1] Plaintiff's address of record is San Quentin Rehabilitation Center.  N.D. Cal. Local Rule 3-11 requires parties, including Plaintiff, to promptly keep the Court informed of any change of address.  Failure to do so may result in the dismissal of this action pursuant to N.D. Cal. L.R. 3-11 or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.  The Court sends orders only to the address of record.  It is not the Court's responsibility to determine whether a litigant has changed his or her mailing address.

2